UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TERRI BATES

Plaintiff,

 -vs-

J.J. MARSHALL & ASSOCIATES, INC.,

Defendant.
_____/
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
THE ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Plaintiff Terri Bates, ("Plaintiff" or "Ms. Bates"), currently resides in Grand Blanc, and the actions alleged herein accrued in Genesee County, Michigan, so that venue is proper.

2. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(2).

3. Defendant J.J. Marshall & Associates, Inc., ("Defendant" or "JJM"), is a Michigan corporation with its offices and agent for service of process located in Shelby Township, Michigan;

4. JJM is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

5. JJM is a "collection agency" according to the definitions in M.C.L. 339.901(b).

**I. STATUTORY STRUCTURE
FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692.

7. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

8. Under the FDCPA, "debt" means any obligated or alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

11. Collection abuse takes many forms, including disclosing a consumer's personal affairs to friends, family members, neighbors, or an employer, or obtaining information about a consumer through false pretense (see *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 398 (6th Cir.1998).

12. Any debt collector who fails to comply with the provisions of the FDCPA is liable for

any actual damages sustained, statutory damages up to $1,000.00, actual damages, and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

13. This court has jurisdiction over the state law claims herein, and has concurrent jurisdiction over the federal law claims, and the action is otherwise in the proper court and district.

## GENERAL ALLEGATIONS

14. JJM has engaged in collection activity, beginning in June of 2015, in connection with an alleged debt relating to a landlord tenant issue, which violated the FDCPA and Michigan law as outlined below.

15. JJM employees began contacting Plaintiff regarding the alleged debt in June of 2015.

16. JJM began their contact with Plaintiff via phone calls made by an individual identified as Margaret Green, both on Plaintiff's cell phone and at Plaintiff's place of employment.

17. Upon information and belief, Defendant is in possession of recordings of the above referenced phone calls.

18. Upon information and belief, Ms. Green failed to identify herself as a debt collector and left a voice message at Plaintiff's place of business that could be heard be multiple third parties.

19. Ms. Green failed to provide adequate identification on at least one occasion during these phone calls.

20. Plaintiff never gave JJM or Ms. Green any authorization to contact third parties regarding the alleged debt.

21. The above phone calls went beyond "acquiring location information" and were otherwise

3

in violation of the FDCPA and Michigan law.

22. Plaintiff contacted JJM and spoke with Ms. Green shortly after the abusive and illegal phone calls to Plaintiff's place of employment. During this phone conversation Ms. Green was verbally abusive, rude, condescending to Plaintiff and otherwise harassing in violation of the FDCPA as outlined below.

23. Plaintiff also spoke with Ms. Green's employer, who generally refused to explain why Ms. Green was abusive and called Plaintiff's place of business.

24. The debt collection attempts and contacts above were also an unlawful attempt to collect a debt as explained below.

25. As the result of the facts alleged above, Plaintiff has suffered damages including actual damages and emotional distress.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

26. Plaintiff incorporates the preceding allegations by reference.

27. JJM, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. JJM has engaged in violations of the FDCPA, including but not limited to:

a) disregarding the "mini-Miranda" requirements contained in 15 U.S.C. §1692(e)11;

b) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

c) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

d) engaging in abusive conduct in prohibition of 15 U.S.C. §1692d;

e) communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, in prohibition of 15 U.S.C. §1692b(2);

 f) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

 g) attempting communication with a third party without consent of the consumer given directly to the debt collector in prohibition of 15 U.S.C. § 1692c(b);

 h) engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in prohibition of 15 U.S.C. § 1692(d).

 i) attempting communication with a third party more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information in violation of 15 U.S.C. § 1692(b)(3);

 j) attempting communication at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

29. Plaintiff has suffered damages, including but not limited to frustration, embarrassment, and emotional distress as the result of Defendant's violations of the FDCPA and Michigan law.

## COUNT II - MICHIGAN OCCUPATIONAL CODE

30. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

31. JJM is a "collection agency" under MCL §339.901(f)

32. Defendant's foregoing acts and omissions in attempting to collect the alleged debts described herein against Plaintiff constitute violations of the Occupational Code, including, but not limited to:

 a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

 b. Failing to send Plaintiffs a letter within five days after their initial communication as mandated by MCL §339.918.

 c. Communicating in a misleading or deceptive manner.

    d. Misrepresenting the legal rights of the debtor or creditor.

    e. Communicating with the debtor without accurately disclosing the caller's identity.

33. These violations of the Michigan Occupational Code by Defendant were willful.

34. Plaintiff has been harmed by these violations in an amount to be determined at trial, and JJM violations constitute flagrant violations requiring treble damages.

## DEMAND FOR JUDGMENT AND RELIEF

35. Accordingly, Plaintiff seeks Judgment against Defendant for:

    a. Equitable relief under the Michigan Occupational Code regarding cessation of illegal debt collection;

    b. Actual damages including damage to reputation, embarrassment and emotion distress in accordance with 15 U.S.C. § 1692k(a)(1);

    c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

    d. Statutory costs and attorney fees in accordance with 15 U.S.C. § 1692k(a)(3);

    e. Statutory damages and attorney fees under the Michigan Occupational Code.

    f. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury

    Respectfully submitted,

    By: **/S/ Adam S. Alexander**
    ADAM S. ALEXANDER (P53584)
    ANDREW R. MIKOS (P76268)
    Attorneys for Plaintiff
    17200 W. Ten Mile Rd., Ste. 200
    Southfield, MI   48075
    (248) 246-6353
    adalesq@gmail.com    October 5, 2015